EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* HÉCTOR SANTANA OLMO, acusado y recurrido.

Número: O-80-56       Resuelto: 7 de noviembre de 1980

*Héctor A. Colón Cruz, Procurador General* y *Lirio Bernard de González, Procuradora General Auxiliar,* abogados del peticionario; *Federico Torres Jiménez,* abogado del recurrido.

RESOLUCIÓN

Reexaminados los méritos de la petición de *certiorari* a la luz de la transcripción de evidencia, la comparecencia del acusado-recurrido Héctor Santana Olmo y la apreciación del juez de instancia, se provee no ha lugar a la misma.

Lo acordó el Tribunal y certifica el Secretario. El Juez Asociado Señor Díaz Cruz emitió voto disidente.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz.

San Juan, Puerto Rico, a 7 de noviembre de 1980

Se propone la supresión de evidencia y consecuente exoneración de un acusado por tráfico de heroína a quien la policía le ocupó en la mano tres billetes de $10; en el bolsillo derecho de la camisa 42 envolturas de heroína cubiertas con aluminio; y otra cantidad de $665 en el bolsillo derecho del pantalón. La motora en que viajaba fue registrada y se encontró un arma de fuego. La razón del juez de instancia, y que acepta la mayoría, es que no creyó la declaración del agente al descubrir que tenía encomienda de intervenir con el acusado por haberse presentado querella de que traficaba en drogas precisamente en el sitio donde se le arrestó; y que para su identificación se le había suplido una foto a colores del recurrido. Esa información previa en poder de los agentes movió al juez a creer que el registro fue ilegal y que la versión de que el acusado realizaba una *transacción* y que al notar la presencia de la policía *se le cayeron* dos sobrecitos al piso y uno sobre el asiento de la motora, no fue más que una reproducción del estereotipo "a plena vista" que condenamos en *Pueblo* v. *González del Valle*, 102 D.P.R. 374 (1974). En éste la Policía no declaró que la evidencia cayera de las manos del

intervenido, sino que sostuvo un acto afirmativo de *lanzar* la cajetilla con 3 cigarrillos de marihuana bajo un automóvil, en plena presencia del agente.

Consideramos que es lesivo y destructor de la eficiencia en la investigación criminal que nuestras cortes tomen como indicio vehemente de fabricación de prueba el previo conocimiento por los agentes de la actividad delictiva del acusado y su utilización de una foto para facilitar su identificación. Con este razonamiento quedaría anulado el valor de la confidencia que en múltiples casos es lo que conduce al arresto del infractor dentro del magro 10% de eficiencia de la investigación criminal en nuestro medio.

A estas alturas no debíamos estar recordando el abrumador costo social de esta aplicación permisiva de preceptos constitucionales concebidos para proteger derechos *fundamentales* del hombre. ¿Cuál fue el derecho fundamental aquí vulnerado?

Debería anularse la resolución que suprimió la evidencia como producto de registro ilegal; y remitir al recurrido a juicio.